IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MANETIRONY CLERVRAIN**,

    Plaintiff,

v.

**DENNIS RICHARDSON,**

    Defendant.

No. 3:21-cv-00367-MO

OPINION AND ORDER

**MOSMAN, J.**,

  Plaintiff Manetirony Clervrain brings this action against Defendant Dennis Richardson. I GRANT the Application for Leave to Proceed IFP [ECF 6]. However, for the following reasons, I DISMISS his Complaint [ECF 1].

## BACKGROUND

  Mr. Clervrain filed a 32-page complaint raising a variety of potential issues, involving RICO violations, electronic filing access, his disability status, and section 1983 violations. At times he appears to be treating his complaint as an appeal from a prior dismissal by another district court. *See, e.g.*, Complaint [ECF 1] at 13 (citing *Clervrain v. Stone*, No. CV 318-028, 2018 WL 3939323, at *1 (S.D. Ga. Aug. 16, 2018)). In his prayer for relief, Mr. Clervrain states he is seeking a "permanent injunction or general reliefs in light of the circumstances . . . and to waiver any ('***Pacer fees***') . . . or to litigate without any further ('***undue financial burdens***')." Complaint [ECF 1] at 30.

## DISCUSSION

I must dismiss a complaint filed IFP before service of process if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "complaint 'must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (alteration accepted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The factual allegations must "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts must construe pro se pleadings liberally and give plaintiff the benefit of the doubt. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant

is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Mr. Clervrain's complaint fails to satisfy Rule 8 for several reasons. Of the rule's three requirements, his complaint meets only one: it contains a demand for the relief sought. The complaint lacks a short and plain statement of the grounds for the court's jurisdiction. The complaint also lacks a short and plain statement of the claim showing that the pleader is entitled to relief. There are hints of potential causes of action throughout Mr. Clervrain's 32-page complaint, but it is impossible to tell which he is pursuing and against whom. Although Dennis Richardson is the named Defendant, the complaint does not discuss any conduct by Mr. Richardson that gives rise to Mr. Clervrain's claims. In fact, the complaint does not even mention him outside the caption.

If Mr. Clervrain chooses to file an amended complaint, he must comply with the pleading standards described above. Specifically, he must provide a short and plain statement of the grounds for the court's jurisdiction. And he must provide a short and plain statement that specifically describes what conduct by the Defendant violated his rights or broke the law and when it occurred. Additionally, he must clearly identify the law that entitles him to relief. He should refrain from citing authority that is irrelevant to his claim for relief.

//
//
//
//
//
//

## CONCLUSION

Accordingly, I GRANT the Application for Leave to Proceed IFP [ECF 6], and I DISMISS the Complaint [ECF 1] without prejudice. All other pending motions are DENIED with leave to renew upon the filing of a satisfactory complaint. Mr. Clervrain is granted leave to file an amended complaint that satisfies the requirements described above. He shall file an amended complaint, if any, by June 7, 2021. If Mr. Clervrain fails to file an amended complaint, this case will be dismissed with prejudice.

IT IS SO ORDERED.

DATED this __5th__ day of May, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge